# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Roy Lee Smith, ) | |
| ) | Civil Action No. 0:15-cv-02435-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| M. Sgt. Brian Chapman, *Criminal* ) | |
| *Investigation Sec. Beaufort County* ) | |
| *Sheriff's Office*; Joanne M. Dyer, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Roy Lee Smith ("Plaintiff"), proceeding *pro se*, filed this action (ECF No. 11) alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983 and a violation of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina, the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On October 1, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 19) recommending that Plaintiff's Amended Complaint (ECF No. 11) should be summarily dismissed without prejudice and without issuance and service of process. This review considers Plaintiff's Objections to the Report ("Objections") (ECF No. 22) filed October 16, 2015. For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report, and summarily **DISMISSES** Plaintiff's Amended Complaint without prejudice and without issuance and service of process.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and

procedural summation in the Magistrate Judge's Report (ECF No. 19) is accurate, which the court incorporates herein without a recitation.

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments.

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even liberally construed, Plaintiff's Objections fail to address the deficiencies pointed out by the Magistrate Judge's Report, and Plaintiff fails to explain why the Magistrate Judge's reasoning was incorrect. First, the Magistrate Judge concluded that Plaintiff was unable to meet the state action requirement for his § 1983 and his First Amendment claims against both Defendants, and Plaintiff failed to address these conclusions in his Objections. Additionally, in analyzing Plaintiff's First Amendment free-speech and freedom-of-the-press claims, the Magistrate Judge concluded that Plaintiff failed to state a plausible First Amendment Claim, and Plaintiff failed to address these conclusions in his Objections. Second, the Magistrate Judge concluded that Plaintiff failed to argue a violation of his rights under the ADA because he did not indicate that he sought employment by, was employed by, or was denied reasonable public accommodations or readily accessible services by Defendants. Again, Plaintiff did not address these conclusions in his Objections. Finally, the Magistrate Judge recommended that the court decline to exercise supplemental jurisdiction since no federal claims remain in the case, and Plaintiff did not address this recommendation in his Objections. In conclusion, the court finds that the Report provided an accurate summary of the facts and law, it does not contain clear error, and that Plaintiff has waived appellate review by only lodging general objections. *See Wright,* 766 F.2d at 845-46; *Thomas*, 474 U.S. at 8.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 19), and **SUMMARILY DISMISSES** Plaintiff's Amended Complaint (ECF No. 11) **WITHOUT PREJUDICE** and without issuance of service of process.

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

June 6, 2017
Columbia, South Carolina